**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

```
MARK A. ROGGENKAMP,           )
                              )
          Petitioner,         )
                              )
     v.                       )   NO. 3:10-CV-317
                              )
SUPERINTENDENT, Miami         )
Correctional Facility,        )
                              )
          Respondent.         )
```

## OPINION AND ORDER

This matter is before the court on the *Pro Se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed on August 6, 2010. For the reasons set forth below, pursuant to 28 U.S.C. section 2244(d)(1), the petition is **DISMISSED**, the Petitioner is **DENIED** a certificate of appealability, and the Clerk is **DIRECTED** to close this case.

BACKGROUND

Petitioner, Mark Roggenkamp ("Roggenkamp"), a prisoner confined at the Miami Correctional Facility, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. section 2254, challenging his 2004 Tippecanoe County conviction for conspiracy to commit dealing in methamphetamine. Roggenkamp plead guilty to this charge and received a fifty year sentence with ten years suspended.

DISCUSSION

Pursuant to 28 U.S.C. section 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, a petition for writ of habeas corpus seeking federal collateral relief from a state conviction must be filed within one year of the date on which (1) the judgment became final by the conclusion of direct review; (2) a state created unconstitutional impediment to appeal was removed; (3) the constitutional right asserted was recognized by the United States Supreme Court and made retroactively applicable to the states; or (4) the factual predicate for the claims could have been discovered through the exercise of due diligence. Section 2244(d)(2) provides that a properly filed state application for post-conviction relief or other collateral review tolls the statute of limitations. A conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for writ of certiorari denied. *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987). The statute of limitations is tolled for that period during "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4, 5 (2000).

Roggenkamp was sentenced on May 21, 2004. DE 7-1 at 9-10. He did not challenge his conviction or sentence on direct appeal, but

on June 20, 2005, he filed a Motion for Sentence Modification,[1] which the trial court denied the following day. DE 7-1 at 7. On March 13, 2006, Roggenkamp filed a *pro se* petition for post-conviction relief, DE 7-1 at 6, which he withdraw on July 12, 2006. DE 7-1 at 6. On August 1, 2006, Roggenkamp filed a Petition for Permission to File Belated Appeal, which was granted on September 29, 2006. DE 7-1 at 6.

After reviewing his appeal, the Indiana Court of Appeals affirmed Roggenkamp's conviction and sentence on July 31, 2007. DE 7-3. The Indiana Supreme Court denied transfer on September 13, 2007. DE 7-2 at 3. Roggenkamp filed a petition for writ of habeas corpus in the United States District Court for the Southern District of Indiana on October 30, 2007, and, at the Petitioner's request, the court dismissed that petition without prejudice on March 3, 2008. DE 7-7 at 3. Roggenkamp signed the petition for writ of habeas corpus that forms the basis for this cause of action on August 4, 2010, and it was filed with the Clerk of this Court on August 6, 2010.

A conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired. *Griffith v. Kentucky*, 479 U.S. 314, 321 & n. 6 (1987). Because Roggenkamp was sentenced on May 21, 2004, DE 7-1 at 9-10, his

---

[1] The Respondent characterizes this motion as having been filed on June 22, 2005, the day it was received by the Clerk of the Tippecanoe Circuit Court. But because the petition was mailed by certified mail, the clerk file marked it as having been filed June 20, 2005. DE 7-1 at 8.

3

conviction became final on June 20, 2004, when the time to appeal his conviction and sentence expired.[2] Accordingly, Roggenkamp had until June 20, 2005, within which to seek federal habeas relief, or file a request for collateral review that tolled the statute of limitations period.

Roggenkamp filed a motion for sentence modification on June 20, 2005, which tolled the statute of limitations until the following day when the trial court denied the motion. He filed a petition for post-conviction relief on March 13, 2006, which did not toll the statute of limitations because the statute of limitations had already expired by the time he filed that petition.

Roggenkamp does not show that he was unable to raise the claims set forth in his petition for writ of habeas corpus because of any impediment created by the State of Indiana, nor does he assert that his claims in this petition are founded on new law made retroactively applicable to cases on collateral review or on facts that could not previously have been discovered with the exercise of due diligence. Thus, the petition is barred as untimely under 28 U.S.C. section 2244(d)(1).

Moreover, even if this petition for writ of habeas corpus were timely, the only claim Roggenkamp presents is a Fourth Amendment

---

[2] Roggenkamp's subsequent belated appeal does not constitute "direct review" under Indiana Law and has no effect on the calculation of when his conviction became final. *See Gutermuth v. State,* 868 N.E.2d 427 (Ind. 2007).

4

claim that his conviction is "based upon an illegal search and seizure [in] violation of the Fourth Amendment [to the] U.S. Constitution." DE 1 at 3. He concedes in his petition that he did not present this claim to the Indiana Supreme Court. DE 1 at 3.

Section 28 U.S.C. section 2254(b)(1)(A) provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." To fully exhaust his state court remedies, a habeas petitioner must seek discretionary review from the State's highest court where that review is normal, simple, and an established part of the State's appellate review process. *O'Sullivan v. Boerckel,* 526 U.S. 838, 846-47 (1999). Failure to exhaust available state court remedies constitutes a procedural default. To avoid a procedural default, a petitioner must have presented his federal claims to the state courts before he seeks federal review of these claims. *Id.* at 844.

Roggenkamp concedes in his petition that he has not presented his claims to the Indiana Supreme Court. Section 2254(b)(1)(A) forbids a federal court from excusing the exhaustion requirement unless the state's corrective process is incapable of protecting the rights of the applicant. There is no suggestion here that Indiana's corrective process is not capable of protecting the rights of the applicant, and Roggenkamp's petition does not meet the requirements necessary for this court to excuse the exhaustion doctrine.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant Roggenkamp a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* To obtain a certificate of appealability, the petitioner must satisfy both components. *Id.* at 485.

For the reasons stated in this memorandum, the Court concludes that Roggenkamp's petition is barred by the statute of limitations and also because he has not exhausted his state court remedies as to the only claim he presents in his petition. Roggenkamp has not established that jurists of reason could debate the correctness of these procedural rulings or find a reason to encourage him to

proceed further. Accordingly, the Court declines to issue Roggenkamp a certificate of appealability.

CONCLUSION

For the foregoing reasons, the court **DISMISSES** this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1), **DENIES** the Petitioner a certificate of appealability, and **DIRECTS** the Clerk to close this case.

**DATED: May 5, 2011**                /S/RUDY LOZANO, Judge
                                      **United States District Court**